[Cite as *State v. Castle*, 2010-Ohio-3154.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 08 MA 195 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| WAYNE A. CASTLE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 03 CR 1409

JUDGMENT: Modified.

APPEARANCES:

For Plaintiff-Appellee: Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant: Atty. Timothy Young
Ohio Public Defender
Atty. Jeremy J. Masters
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro
Dated: June 29, 2010

WAITE, J.

{¶1}   In this appeal Appellant Wayne A. Castle, Jr. is seeking to have court costs removed from his sentence.  He pleaded guilty in the Mahoning County Court of Common Pleas to six counts of rape and was sentenced to twenty years in prison.  The court also ordered him to pay costs.  The court failed to inform Appellant, as required by R.C. 2947.23(A)(1)(a), that he could be required to perform community service if he failed to pay his court costs.  The state agrees that the trial court failed to inform him of the possibility of performing community service should he be unable to pay his costs.  We recently addressed a similar problem in *State v. Walters*, 7th Dist. No. 08-CO-34, 2009-Ohio-6762.  In *Walters*, we did not vacate the costs, but instead concluded that the trial court could be ordered not to impose community service as a means of collecting court costs.  This reasoning is appropriate here, and therefore the judgment of the trial court is modified to prohibit the trial court from imposing community service as a means to collect court costs.

{¶2}   On November 25, 2003, Appellant was indicted on six counts of rape, R.C. 2907.02(A)(1), and six counts of gross sexual imposition, R.C. 2907.05(A)(4).  A superceding indictment containing the same twelve counts was filed on July 1, 2004.

{¶3}   On March 13, 2006, Appellant entered a guilty plea to the six counts of rape, and the remaining counts in the indictment were dismissed.  Each rape count was a first degree felony.  On May 4, 2006, the court sentenced Appellant to four years in prison on counts one and four, and three years on counts two, three, five

and six. These were to be served consecutively for a total of twenty years in prison. The sentencing entry also states: "Costs to defendant". (5/4/06 J.E., p. 2.)

**{¶4}** On September 20, 2008, Appellant filed a pro se notice of appeal and a motion for delayed appeal. The motion for delayed appeal was granted on October 23, 2008, and counsel was appointed to represent Appellant. Appellant has submitted one assignment of error for review, and the state has agreed with Appellant's argument.

<u>ASSIGNMENT OF ERROR</u>

**{¶5}** "The trial court erred by imposing court costs without notifying Mr. Castle that failure to pay court costs may result in the court's ordering him to perform community service."

**{¶6}** Appellant argues that R.C. 2947.23(A)(1) required the trial court to inform him at sentencing about certain consequences of failing to pay court costs:

**{¶7}** "(A)(1) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. *At the time the judge* or magistrate *imposes sentence, the judge* or magistrate *shall notify the defendant of both of the following*:

**{¶8}** "(a) *If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service* in an amount of not

more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

{¶9}   "(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount."  (Emphasis added.)

{¶10}  Appellant and the state agree that the trial judge did not notify Appellant that his failure to pay court costs could result in an order to perform community service.  Appellant believes the remedy for this error is that his court costs should be vacated.  He is not appealing any other aspect of his sentence other than the court costs.  In support of his argument, Appellant cites *State v. Ward*, 4th Dist. No. 05CA3, 2006-Ohio-4847, which stated that "R.C. 2947.23 makes it mandatory for the judge to inform the defendant that she could be ordered to perform community service * * *."  Id. at ¶41.  Appellant fails to point out that *Ward* also held that "at this time, Ward has not suffered any prejudice from the trial court's failure to inform her that it may, in the future, require her to perform community service to fulfill her obligation to pay costs.  Because Ward did not properly raise the issue and it is not ripe for adjudication, we decline to address it."  Id.  Although *Ward* highlights the problem inherent in failing to notify the defendant about the consequences of failing to pay court costs, it does not provide any solution since the case was not ripe for review.

**{¶11}** Appellant also cites to *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006. In *Clevenger*, the defendant was convicted of and sentenced on a felony charge of breaking and entering, and he was ordered to pay court costs. He filed a motion to suspend payment of court costs, and the trial court granted the motion. The state appealed, and the Eleventh District Court of Appeals reversed the order suspending court costs, but also remanded the case so that the trial court could put on an order waiving the court costs altogether. The state appealed again, and the Ohio Supreme Court held that a trial court may not suspend court costs previously imposed absent statutory authority, and that a trial court may waive the payment of court costs only upon statutory authority and only if the defendant moves for waiver of costs at the time of sentencing. Id. at ¶11. It is not clear how *Clevenger* advances Appellant's position here, since the trial court neither waived nor suspended court costs, and Appellant has not filed a motion to waive these costs.

**{¶12}** A trial court is required to impose court costs on a criminal defendant, regardless of the defendant's ability to pay those costs. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393; *State v. Dickinson*, 7th Dist. No. 03 CO 52, 2004-Ohio-6373. Nevertheless, the state's subsequent ability to collect those costs may be affected by the defendant's ability to pay and by the trial court's failure to follow the requirements of the statutes regulating court costs. We recently addressed a situation similar to Appellant's in *State v. Walters*, supra. In *Walters*, the defendant was sentenced to twelve months in prison for violating a protective order. The trial court imposed court costs as part of the sentence, but stayed payment of the

costs until the defendant was released from prison. The trial court erred by failing to notify the defendant, pursuant to R.C. 2947.23(A)(1), that a failure to pay court costs may result in an order requiring that he perform community service. Walters asked this Court to vacate the court costs imposed. We found that Walters' argument was not ripe for review because the trial court had stayed the imposition of court costs until after the prison term had been served. Nevertheless, we noted that "should Walters, at some point in the future, fail to pay costs as ordered, the trial court should not have the option of imposing community service because it did not inform the appellant of this possibility at his sentencing hearing." Id. at ¶13.

{¶13} The reasoning in *Walters* applies here. The state has not challenged Appellant's argument and apparently concedes not only that the trial court erred but also that the case is ripe for review. Based on our reasoning in *Walters*, we hereby modify Appellant's sentencing entry to prohibiting imposition of community service as a means of collecting court costs. Appellant's assignment of error is sustained in part and the judgment of the trial court is modified accordingly.

Donofrio, J., concurs.

DeGenaro, J., concurs; see concurring opinion.

DeGENARO, J., concurring.

{¶14} While I agree with my colleagues, we need to unequivocally state how we are resolving an issue of law: We are reversing the decision in *State v. Walters,* 7th Dist. No. 08-CO-34, 2009-Ohio-6762, and now hold that a challenge to the trial court's failure to notify a defendant at sentencing that community service in lieu of paying costs can be ordered is ripe for adjudication upon direct appeal from the original sentencing entry, rather than upon a later order imposing community service due to a failure to pay.

{¶15} In *Walters,* this panel held the issue was not ripe for review, and thus found no merit to the appeal. In dicta *Walters* suggests how to resolve the issue:

{¶16} "* * * should Walters, at some point in the future, fail to pay costs as ordered, the trial court should not have the option of imposing community service because it did not inform the appellant of this possibility at his sentencing hearing. See *State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837 (addressing an issue, ripe for adjudication, and remanding the case to the trial court because the required notifications were not supplied at sentencing). In *Brooks,* during sentencing, the trial court did not notify the defendant that a prison term might be imposed if he violated the terms of his community control sanction, as required by R.C. 2929.19. Id. at ¶1. The appeal was brought after Brooks pled guilty to violating the terms of his community control and was sentenced to eight months in prison. Id. at ¶1. Here, in contrast, Walters has yet to default on his payments and, therefore, has not been ordered to perform community service, thus making this issue not ripe for adjudication." *Walters* at ¶13.

{¶17} Subsequent to *Walters*, a different panel of this court addressed the issue in *State v. Heddleson*, 7th Dist. No. 08BE41, 2010-Ohio-1107, in which the dissent opined, after acknowledging the panel in *Walters* was following the analysis adopted by a majority of the districts:

{¶18} "However, as Judge Harsha explained in his dissents to the Fourth Appellate District's holdings that the issue is not ripe for review, judicial economy is

not served by failing to address the issue. *State v. Moore,* 4th Dist. No. 09CA2, 2009-Ohio-5732, ¶8 (Harsha, J., dissenting); *State v. Welch,* 4th Dist. No. 08CA29, 2009-Ohio-2655, ¶16 (Harsha, J., dissenting); *State v. Boice,* 4th Dist. No. 08CA24, 2009-Ohio-1755 (Harsha, J., dissenting); *State v. Slonaker,* 4th Dist. No. 08CA21, 2008-Ohio-7009, ¶9 (Harsha, J., dissenting). I agree with Judge Harsha's logic. Accordingly, as to the second assignment of error, the merits should be addressed and I would hold that since the trial court did not inform appellant at sentencing that he could be sentenced to perform community service if he fails to pay the court costs, he cannot later be ordered to perform community service if he in fact subsequently fails to pay court costs. *Slonaker,* 4th Dist. No. 08CA21, 2008-Ohio-7009, ¶9 (Harsha, J., dissenting stating that 'rather than stating in dicta that Slonaker cannot be ordered to perform community service if he fails to pay the court costs, I would issue a holding to that effect')." *Heddleson* at ¶23 (Vukovich, J. dissenting).

**{¶19}** The fact that in this case the state concedes the issues of error and ripeness is beside the point; that does not control our determination whether or not an issue is ripe for adjudication.

**{¶20}** For the sake of maintaining clarity in the law in this district, we should not hint, as the majority does, but outright state that we are reversing *Walters,* being persuaded that the logic articulated in the above cited dissents is the better course. Otherwise, our rationale for modifying Appellant's sentence is unclear. See *Heddleson* at ¶24 (Vukovich, J. dissenting) ("I see no logical or valid purpose to hint that a trial court cannot do something in the future instead of telling them now that they cannot do so. * * * Moreover, trial courts in this district would be advised in a timely manner what language is necessary if they wish to impose community service in lieu of an indigent's nonpayment of court costs.")

**{¶21}** Accordingly, I would unequivocally state that we are reversing *Walters*, and the issue is ripe for adjudication. Thus, Appellant's assignment of error is meritorious, and the sentence modified accordingly.