[Cite as *State v. Drake*, 2012-Ohio-2198.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 97319

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT DRAKE

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-548282

**BEFORE:** Keough, J., Sweeney, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 17, 2012

**ATTORNEY FOR APPELLANT**

David L. Doughten
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, OH 44103


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Brett Kyker
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Robert Drake ("Drake"), appeals the trial court's decision to suspend court costs until after he is released from his ten-year prison sentence. For the reasons that follow, we affirm.

{¶2} In March 2011, Drake was indicted on 17 counts stemming from a bank robbery in December 2010. After discovery was completed, Drake pled guilty to an amended indictment. He pled guilty to one count of aggravated robbery in violation of R.C. 2911.01(A)(1), with a three-year firearm specification, and seven counts of robbery in violation of R.C. 2911.02(A)(2), all containing one-year firearm specifications. The remaining counts were dismissed. The trial court sentenced Drake to an aggregate prison term of ten years and a mandatory five-year period of postrelease control. Additionally, the trial court advised Drake that the court costs would be suspended until he was released from prison and placed on postrelease control. Drake, in his delayed appeal, challenges the suspension of court costs.

{¶3} In his sole assignment of error, Drake contends "that the trial court erred by suspending fines and court costs until the appellant began serving his postrelease control." Drake argues that the trial court failed to consider his current and future ability to pay as required by R.C. 2929.19(B)(6),[1] and that it may not suspend this hearing until after he is released from prison.

---

[1] Pursuant to 2011 H.B. 86 and effective September 30, 2011, R.C. 2929.19(B)(6) was

**{¶4}** First, we note that the trial court did not impose a financial sanction or fine; therefore, R.C. 2929.19(B)(6) does not apply. The trial court imposed court costs; thus R.C. 2947.23 governs.

**{¶5}** "R.C. 2947.23 requires a judge to assess costs against all convicted criminal defendants, and waiver of costs is permitted — but not required — if the defendant is indigent." *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14. The Ohio Supreme Court expressly stated that "a trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence." *Id.* at paragraph one of the syllabus. Therefore, although a defendant is declared indigent, this declaration does not prohibit a court from assessing costs against the indigent defendant. "A defendant's financial status is irrelevant to the imposition of court costs." *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 3. In fact, a court may impose court costs without considering a defendant's present or future ability to pay those costs. *State v. Stevens*, 8th Dist. No. 95011, 2011-Ohio-729, ¶ 11. Accordingly, the trial court did not err in assessing court costs against Drake.

**{¶6}** Moreover, the trial court did not err in "suspending" the collection or payment of costs until Drake is released from his term of incarceration. The trial court's entry of conviction provides: "Costs suspended until release. Court costs suspended." At sentencing, the trial judge advised Drake:

---

renumbered to R.C. 2929.19(B)(5). The previous version will be referenced herein.

Costs, payment of court costs will be suspended until you are placed on post-release [sic] control. And at that time if you fail to pay the judgment of costs or fail to timely make payments towards that judgment under any payment schedule approved by the Court, the Court may order you to perform community service in an amount of not more than 40 hours per month until the judgment is paid or until the Court is satisfied that you are in compliance with the approved payment schedule.

If you are ordered to perform the community service, you will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

{¶7} After defense counsel requested that all fines and costs be waived because Drake was indigent, the trial judge responded:

Okay. And although the Defendant may be indigent now, while on post-release [sic] control the Court would expect a condition of that would be employment for payment of court costs. If not, he can look at it at that time, it can be revisited at that time. That's why I suspended court costs until he's on post-release [sic] control.

{¶8} Although not expressly stated in the court's judgment entry, we find that reading the transcript in conjunction with the entry of conviction demonstrates that the court directly imposed court costs, but *stayed* the collection or payment of the court costs. The trial court used the term "suspended," but the sentencing transcript demonstrates that the trial court intended to *stay* the payment of court costs. Contrary to Drake's assertion, the trial court's decision to suspend the payment or collection of costs was not an attempt by the trial court to retain jurisdiction to modify his sentence. The trial court properly imposed court costs, advised Drake regarding the possibility of community service to satisfy the costs, and then stayed the collection or payment of the costs until his release from prison. We thus find no error. *See generally State v. Walters*, 7th Dist.

No. 08-CO-34, 2009-Ohio-6762; *State v. Castle*, 7th Dist. No. 08 MA 195, 2010-Ohio-3154, ¶ 12-13.

{¶9} We note that the trial court could have merely ordered Drake to pay for court costs while serving his prison sentence. *See* R.C. 5120.133; *White*; *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164. Although the trial court suspended the collection or payment of court costs until he begins serving postrelease control, we find nothing that would prohibit Drake from making payments towards his court costs while he is serving his time in prison. Accordingly, we overrule Drake's assignment of error.

{¶10} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

JAMES J. SWEENEY, P.J., and
SEAN C. GALLAGHER, J., CONCUR