DECISION AND JUDGMENT ENTRY
{¶ 1} Michael S. Rickett pled guilty to one count of vehicular assault, a violation of R.C. 2903.08(A)(2)(b) and a third-degree felony. The trial court imposed the maximum sentence and ordered Rickett to pay all costs of prosecution and "any fees permitted pursuant to Ohio Revised Code 2929.18(A)(4)." On appeal Rickett argues that the trial court erred in ordering financial sanctions against him without considering his present and future ability to pay them. However, the trial court's entry states that the court considered the record and the pre-sentence investigation report, which gave the trial court information regarding Rickett's present and future ability to pay restitution, including his age, health, education, and employment history. Because the record *Page 2 
supports the conclusion that the trial court considered his ability to pay restitution, we affirm his sentence.
 I. Facts {¶ 2} Rickett pled guilty to one count of vehicular assault with the specification that, at the time of the crime, he drove with a suspended license. The trial court imposed a five year term of imprisonment, the maximum sentence, and ordered Rickett to pay all costs of prosecution and "any fees permitted pursuant to Ohio Revised Code 2929.18(A)(4)." In its entry imposing financial sanctions, the trial court stated that it had considered the record and the pre-sentence investigation report, which contained information regarding Rickett's age, health, education, and employment history. This report shows that Rickett has had trouble with drug addiction and maintaining employment and that Rickett's wife supports the family. Prior to entering Rickett's sentence, the trial court entered an order finding Rickett to be indigent and instructing the court reporter to prepare a copy of the transcript at no cost to Rickett. After Rickett brought this appeal, we sua sponte ordered the record supplemented with his pre-sentence investigation report.
 II. Assignment of Error {¶ 3} Rickett presents one assignment of error: "The trial court erred when it ordered Michael Rickett to pay fees under R.C. 2929.18(A)(4), without first considering his present and future ability to pay. R.C.2929.19(B)(6). (T.pp. 18-19; Judgment Entry Filed June 27, 2007)." *Page 3 
 III. Consideration of the Ability to Pay Financial Sanctions {¶ 4} As a financial sanction, R.C. 2929.18(A)(4) allows the court to order a felony offender to pay "[a] state fine or costs as defined in section 2949.111 of the Revised Code." R.C. 2949.111(A)(2) defines "state fines or costs" as "any costs imposed or forfeited bail collected by the court under section 2743.70 of the Revised Code for deposit into the reparations fund or under section 2949.091 of the Revised Code for deposit into the general revenue fund and all fines, penalties, and forfeited bail collected by the court and paid to a law library association under sections 3375.50 to 3375.53 of the Revised Code."[1]
Before ordering an offender to pay such a financial sanction, R.C.2929.19(B)(6) requires the court to "consider the offender's present and future ability to pay the amount of the sanction or fine." "[W]hen a trial court has imposed a financial sanction without even a cursory inquiry into the offender's present and future means to pay the amount imposed, the failure to make the requisite inquiry is an abuse of discretion." State v. Bemmes, Hamilton App. No. C-010522, 2002-Ohio-1905, at ¶ 9. In other words, courts have no discretion to apply an improper analysis or process in deciding an issue even where they may have discretion in the ultimate decision on the merits. SeeState v. Nayar, Lawrence App. No. 07CA6, 2007-Ohio-6092, at ¶ 33
(explaining that a court may not disregard mandatory procedural steps *Page 4 
and analytical processes even where the court has discretion in the result on the merits).
 {¶ 5} Rickett argues that there is no evidence in the record showing that the trial court considered his present and future ability to pay the financial sanctions. The State apparently concedes that the trial court did not consider Rickett's ability to pay the financial sanctions. In its response to Rickett's brief, the State argues that "[t]he trial court inadvertently did not consider the appellant's present or future ability to pay the amount of sanction or fee."
 {¶ 6} We have consistently held that, "[although preferable for appellate review, a trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial sanction. Rather, courts look to the totality of the record to see if this requirement has been satisfied." State v. Smith, Ross App. No. 06CA2893, 2007-Ohio-1884, at ¶ 41, quoting State v. Ray, Scioto App. No. 04CA2965, 2006-Ohio-5343, at ¶ 26. We have explained that the trial court complies with R.C. 2929.19(B)(6) when the record shows that the court considered a pre-sentence investigation report that provides pertinent financial information regarding the offender's ability to pay restitution. Smith, 2007-Ohio-1884, at ¶ 42. Although the trial court did not explicitly state in its restitution order that it had considered Rickett's present and future ability to pay, it did state that it had considered the record and the pre-sentence investigation report. We ordered the record supplemented with a copy of Rickett's pre-sentence investigation report, which is properly part of the record on appeal in this case. See State v. Martin, 140 Ohio App.3d 326, 327,2000-Ohio-1942, 747 N.E.2d 318 ("Although the PSI report is not part of the public record, it is part of the appellate record for our review."). That *Page 5 
report contains information regarding Rickett's age, education, physical and mental health, and employment history. Specifically, the report shows that Rickett has had trouble with drug addiction and with maintaining employment. It also shows that Rickett's wife has been supporting the family. Rickett did not challenge the information contained in the pre-sentence investigation report in the trial court.
 {¶ 7} Furthermore, it appears to be clear that the trial court was aware of Rickett's indigent status when it imposed financial sanctions against him. The trial court order finding Rickett to be indigent for purposes of appeal appears in the record immediately before the sentencing entry. Thus, the court was aware of Rickett's financial situation. Rickett argues that "[t]here is no evidence on the record that Mr. Rickett has or will ever have the financial means to pay any fees permitted under R.C. 2929.18(A)(4). The absence of this evidence precludes the possibility that the trial court considered Mr. Rickett's ability to pay such costs." However, the fact that the trial court found Rickett to be indigent for purposes of appeal does not necessarily mean that the trial court failed to consider Rickett's present and future ability to pay. Ricketts was 27 years old at the time of sentencing and if he serves his full five-year sentence, he will leave prison at age 32. Given his age and the information provided in the pre-sentence investigation report, the trial court could reasonably conclude that Ricketts would have the ability to pay the financial sanction in the future. Therefore, we cannot conclude that Rickett's current financial position necessarily means that the trial court did not consider Rickett's present and future ability to pay.
 {¶ 8} The record indicates that the trial court sufficiently considered Rickett's present and future ability to pay restitution. SeeMartin, 140 Ohio App.3d at 327-28 *Page 6 
(holding that consideration of a pre-sentence investigation report that contains information about the offender's age, health, education, and work history satisfies the requirements of R.C. 2929.19(B)(6)). We affirm the judgment.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. McFarland, J.: Concur in Judgment and Opinion.
[1] R.C. 2743.70(A)(1) requires the court to impose as costs the amount of thirty dollars when a defendant pleads guilty to a felony. R.C. 2743.70(B) requires the court to collect an additional amount of thirty dollars when the defendant posts bail and provides that, if the defendant pleads guilty, that amount shall be transmitted to the state to be deposited in the reparations fund. R.C. 2949.091(A)(1) requires the court to impose as costs the amount of fifteen dollars when a defendant pleads guilty "to any offense other than a traffic offense that is not a moving violation," to be deposited in the general revenue fund. R.C. 2949.091(B) requires the court to collect an additional amount of fifteen dollars when the defendant posts bail and provides that, if the defendant pleads guilty, that amount shall be transmitted to the State to be deposited in the general revenue fund. R.C. 3375.50, et seq., provides that a portion of fines, costs, and fees shall be transmitted by the courts to support local libraries. *Page 1