DECISION AND JUDGMENT ENTRY
{¶ 1} After Defendant-Appellant, Mark Rader plead guilty to aggravated vehicular homicide, a second degree felony, in violation of R.C. 2903.06(A)(2)(a) and (B)(2)(a) and failure to stop after an accident, a felony of the third degree, in violation of R.C. 4549.02(A) and (B), the trial court sentenced him to prison for a total of eleven years and ordered him to pay restitution to the victim's family in the amount of $7,273.16, as well as court costs. On appeal, Appellant argues that the trial court erred in ordering *Page 2 
restitution to the victim's family without determining his present and future ability to pay it. However, the trial court's entry states that the court considered the record and the pre-sentence investigation report. Because the pre-sentence investigation report gave the trial court information regarding Appellant's present and future ability to pay restitution, including his age, health, education, and employment histories, the record supports the conclusion that the trial court considered his ability to pay restitution. Therefore, we affirm the judgment below.
 I. Facts {¶ 2} After making a decision to get behind the wheel of a car while under the influence, Appellant struck down and killed a pedestrian and then failed to stop, as he apparently thought he had struck a deer. Appellant plead guilty to aggravated vehicular homicide, a second degree felony, in violation of R.C. 2903.06(A)(2)(a) and (B)(2)(a) and failure to stop after an accident, a felony of the third degree, in violation of R.C. 4549.02(A) and (B). The trial court sentenced Appellant to a term of eight years in prison on the conviction for aggravated vehicular homicide and a term of three years for failure to stop after an accident, to be served consecutively, for a total term of eleven years. During the sentencing hearing and in the sentencing entry, the trial court stated that it had considered the record, the *Page 3 
oral statements made that day and the pre-sentence investigation report, which contained information regarding Appellant's age, health, education and employment history, as well as details of his assets and liabilities. At sentencing, the trial court ordered Appellant to pay restitution to the victim's family in the amount of $7273.16, as well as court costs. Appellant now brings this appeal presenting a single assignment of error for our review.
 II. Assignment of Error
"I. THE TRIAL COURT ERRED BY ORDERING MR. RADER TO PAY A $7583.84 FINANCIAL SANCTION WITHOUT CONSIDERING HIS PRESENT AND FUTURE ABILITY TO PAY AS REQUIRED BY R.C. 2929.19(B)(6)."
 III. Consideration of the Ability to Pay Restitution {¶ 3} As a financial sanction, R.C. 2929.18(A)(1) allows the court to order a felony offender to make restitution to the victim of the offender's crime, or any survivor of the victim, in an amount based on the victim's economic loss. Before ordering an offender to pay a financial sanction such as restitution, R.C. 2929.19(B)(6) requires the court to "consider the offender's present and future ability to pay the amount of the sanction or fine." "[W]hen a trial court has imposed a financial sanction without even a cursory inquiry into the offender's present and future means to pay the amount imposed, the failure to make the requisite inquiry is an abuse of discretion." State v. Bemmes, Hamilton App. No. C010522, 2002-Ohio-1905, *Page 4 
at ¶ 9. In other words, courts have no discretion to apply an improper analysis or process in deciding an issue even where they may have discretion in the ultimate decision on the merits. See State v.Nayar, Lawrence App. No. 07CA6, 2007-Ohio-6092, at ¶ 33.
 {¶ 4} Appellant argues that nothing in the record indicates that the trial court considered his present and future ability to pay the financial sanction. Appellant further argues that the record does indicate that he was indigent and had court-appointed counsel at the trial and appellate court level. However, contrary to Appellant's assertions, the record indicates that Appellant's trial counsel was retained, not court-appointed and there was no affidavit of indigency completed by Appellant when he was arraigned, or at any other point prior to trial.
 {¶ 5} Further, and as set forth above, the record indicates that a pre-sentence investigation report was completed, which the trial court stated it considered prior to sentencing Appellant. That report was not initially provided to this Court when the record was transmitted from the Washington County Clerk of Courts. Contrary to the State's assertion that in the absence of the report in the appellate record, we must presume regularity of the proceedings below and trust that it contained sufficient information regarding Appellant's present and future ability to pay, this Court has *Page 5 
previously held that although the report is not part of the public record, it is properly part of the appellate record for our review.State v. Rickett, Adams App. No. 07CA846, 2008-Ohio-1637 at ¶ 6 citingState v. Martin, 140 Ohio App.3d 326, 327, 2000-Ohio-1942,747 N.E.2d 318 ("Although the PSI report is not part of the public record, it is part of the appellate record for our review."); State v. Henderson, Vinton App. No. 07CA659, 2008-Ohio-2063 at ¶ 6; See, also R.C. 2951.03(D)(1). Thus, we have obtained a copy of the report by our own means.
 {¶ 6} We have consistently held that, "[a]lthough preferable for appellate review, a trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial sanction. Rather, courts look to the totality of the record to see if this requirement has been satisfied." State v. Smith, Ross App. No. 06CA2893, 2007-Ohio-1884, at ¶ 41, quoting State v. Ray, Scioto App. No. 04CA2965, 2006-Ohio-5343, at ¶ 26. We have explained that the trial court complies with R.C. 2929.19(B)(6) when the record shows that the court considered a pre-sentence investigation report that provides pertinent financial information regarding the offender's ability to pay restitution. Smith, 2007-Ohio-1884, at ¶ 42. Although the trial court did not explicitly state that it had considered Appellant's present and future ability to pay, it did state that it had considered the record and the pre-sentence *Page 6 
investigation report. That report contains information regarding Appellant's age, education, health and employment histories. Specifically, the report indicates that Appellant is a high school graduate and has attended college. Further, while the report indicates Appellant has no financial assets, it also indicates that Appellant has no financial obligations and was employed up until his arrest. Appellant did not challenge the information contained in the pre-sentence investigation report in the trial court, nor did he argue that he lacked the ability to pay restitution. Therefore, the record supports the conclusion that the trial court sufficiently considered Appellant's present and future ability to pay restitution. See Martin,140 Ohio App.3d at 327-28 (holding that consideration of a pre-sentence investigation report that contains information about the offender's age, health, education, and work history satisfies the requirements of R.C. 2929.19(B)(6)).
 {¶ 7} Further, the trial court also stated that it had considered the oral statements made that day in court, which included a statement made on Appellant's behalf by his father. While Appellant's father detailed the problems Appellant had had with drugs and alcohol, he also spoke of Appellant's academic achievements in high school, noting that Appellant had made the dean's list every nine weeks and had been elected to Who's *Page 7 
Who in American High Schools. Appellant's father's testimony spoke to Appellant's potential and ability. Considering Appellant's relatively young age of twenty five at the time of his commitment, he will be only be thirty six years old when he is released. Thus, the trial court could have reasonably concluded that Appellant's earning capacity upon release would allow him to satisfy his restitution obligation.
 {¶ 8} Accordingly, we affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and Kline, J.: Concur in Judgment and Opinion. *Page 1