[Cite as *State v. Weathers*, 2013-Ohio-1104.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2012-02-036 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 3/25/2013 |
| - vs - | | |
| | : | |
| DAVID WEATHERS, | : | |
| | | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2010-02-0300

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

John T. Willard, P.O. Box 35, Hamilton, Ohio 45218, for defendant-appellant

**M. POWELL, J.**

{¶ 1}  Defendant-appellant, David Weathers, appeals a decision of the Butler County Court of Common Pleas imposing court costs following a resentencing hearing.

{¶ 2}  In 2010, a jury found appellant guilty of domestic violence, felonious assault, and violation of a protection order.  All three offenses stemmed from an altercation during which appellant grabbed his girlfriend by the throat, pulled her out of her car, and punched her in the face.  At the time of the incident, the protection order against appellant was in

effect. Appellant was sentenced to 18 months in prison on the domestic violence charge, 5 years in prison on the felonious assault charge, and five years in prison for violating the protection order, all sentences to run concurrently.

{¶ 3} Appellant appealed his sentence. On December 30, 2011, this court reversed appellant's sentence and remanded the case to the trial court for resentencing. This court found that the three offenses were allied offenses of similar import and that the trial court committed plain error by not merging them. *State v. Weathers*, 12th Dist. No. CA2011-01-013, 2011-Ohio-6793, ¶ 24-25.

{¶ 4} The trial court held a resentencing hearing on January 19, 2012. At the hearing, the state elected to proceed with the felonious assault charge. Consequently, the trial court merged the domestic violence charge and the violation of the protection order charge with the felonious assault charge, sentenced appellant to five years in prison on the felonious assault charge, and imposed court costs.

{¶ 5} Appellant appeals, raising two assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 8} Appellant argues he received ineffective assistance of counsel at the resentencing hearing because (1) there was no entry in the record appointing an attorney to represent him, and (2) the attorney who appeared at the hearing on his behalf challenged whether the violation of the protection order was a mergeable offense, notwithstanding our decision in *Weathers*.

{¶ 9} To establish ineffective assistance of counsel, appellant must show that his trial

- 2 -

counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989). With respect to deficiency, appellant must show that his counsel's performance "fell below an objective standard of reasonableness." *Strickland* at 688. With respect to prejudice, appellant must show that there is a reasonable probability that, but for his counsel's unprofessional errors, the outcome of the proceeding would have been different. *Id.* at 694. "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000); *State v. Gilbert*, 12th Dist. No. CA2010-09-240, 2011-Ohio-4340, ¶ 73.

{¶ 10} The record shows that following appellant's indictment, local counsel Daniel Hurr represented appellant, including during his 2010 jury trial and sentencing hearing. On appeal of his sentence, however, appellant was represented by the state public defender's office. We issued our decision in *Weathers* on December 30, 2011. On January 11, 2012, eight days before the resentencing hearing, the public defender's office moved the trial court to appoint local counsel to represent appellant at the resentencing hearing. Attorney Hurr represented appellant at the resentencing hearing. There is no entry in the record indicating Attorney Hurr's appointment.

{¶ 11} While there is no such journal entry, the record indicates that Attorney Hurr was appellant's counsel of record at the hearing. The trial court started the resentencing hearing, stating: "Let the record reflect that David Weathers appears with counsel, Dan Hurr." Thereafter, throughout the hearing, Attorney Hurr acted as appellant's counsel. Thus, it may be presumed Attorney Hurr was appointed by the trial court at some point in the proceedings.

{¶ 12} In addition, neither appellant nor the state objected to Attorney Hurr representing appellant at the hearing. Nor did appellant bring to the attention of the trial court the alleged lack of a journal entry appointing Attorney Hurr as his counsel. An appellate court

- 3 -

will not consider an error which the party complaining of could have called but did not call to the trial court's attention when such error could have been corrected or avoided by the trial court. *See State v. Gibson*, 5th Dist. No. 99-CA-59, 2000 WL 222011 (Feb. 8, 2000). We also note appellant does not claim he suffered any prejudice simply because there was no entry in the record appointing Attorney Hurr as his counsel.

{¶ 13} During the resentencing hearing, and after the state elected to proceed with the felonious assault charge, the trial court merged the domestic violence charge and the violation of the protection order charge with the felonious assault charge. The court then told the parties it would "proceed to sentencing solely on Count Two charging felonious assault." At that point, Attorney Hurr questioned whether the violation of the protection order was a mergeable offense under the Ohio Supreme Court's test in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-1. The trial court rejected Attorney Hurr's argument and ultimately sentenced appellant to five years in prison.

{¶ 14} Because appellant was represented by an attorney at the resentencing hearing, and because the trial court merged two offenses with the felonious assault charge and clearly rejected Attorney Hurr's mergeable offense argument, we find that appellant was not prejudiced by his counsel's performance. Accordingly, appellant did not receive ineffective assistance of counsel at the resentencing hearing. *See Madrigal*, 87 Ohio St.3d at 389; *Gilbert*, 2011-Ohio-4340 at ¶ 73.

{¶ 15} Appellant's first assignment of error is overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} IT WAS ERROR FOR THE TRIAL COURT TO NEGLECT TO ADVISE THE DEFENDANT/APPELLANT WHEN COURT COSTS WERE IMPOSED, THAT THE COSTS INCLUDED JURY FEES AND THAT FAILURE TO PAY SAID COSTS COULD RESULT IN THE IMPOSITION OF COMMUNITY SERVICE TO PAY THE SAME AT THE RATE NOT TO

EXCEED 40 HOURS PER MONTH.

{¶ 18} Appellant challenges the trial court's imposition of court costs on the ground the court failed to notify appellant that court costs included jury fees, and that, should he fail to pay the costs, he could be ordered to perform community service. The state concedes the trial court failed to comply with R.C. 2947.23 when it imposed court costs.

{¶ 19} "In all criminal cases, * * * the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under [R.C.] 2947.231, and render a judgment against the defendant for such costs." R.C. 2947.23(A)(1)(a). At the time it imposes sentence, a trial court must notify a defendant that:

> (i) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.
>
> (ii) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

R.C. 2947.23(A)(1)(a)(i), (ii). The community-service notification in R.C. 2947.23(A)(1) is mandatory and must be provided by the trial court at sentencing. *State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, ¶ 10. If a jury has been sworn, the jury fees must be included in the costs. R.C. 2947.23(A)(2)(a).

{¶ 20} In the case at bar, the trial court imposed court costs during the resentencing hearing but failed to advise appellant that court costs included jury fees and that, should appellant fail to pay the costs, he could be ordered to perform community service. The trial court therefore committed error when it failed to so notify appellant, as required under R.C. 2947.23.

{¶ 21} Ohio appellate courts are divided as to what the proper remedy is when notice is not provided in accordance with R.C. 2947.23. The Seventh Appellate District held that a "trial court's failure to comply with R.C. 2947.23 at sentencing prohibits the court from ordering [a defendant] to perform community service if he fails to pay his court costs." *State v. Gabriel*, 7th Dist. No. 09 MA 108, 2010-Ohio-3151, ¶ 34. The appellate court reasoned that "judicial economy is best served" by modifying a defendant's sentence to prohibit any future order of community service if the defendant has not been properly notified. *Id.* at ¶ 33.

{¶ 22} Likewise, the Second Appellate District held that the proper remedy was to "eliminat[e] the possibility that [a defendant] can ever be required to perform community service if he fails to pay court costs." *State v. Henderson*, 2nd Dist. No. 24701, 2012-Ohio-3283, ¶ 12-13.

{¶ 23} This remedy was rejected by the First and Ninth Appellate Districts. The Ninth Appellate District held that when a trial court fails to comply with R.C. 2947.23(A)(1) when imposing court costs, "the proper remedy is to reverse the trial court's imposition of court costs and remand for the proper imposition of court costs in accordance with the requirements set forth in R.C. 2947.23(A)(1)." *State v. Debruce*, 9th Dist. No. 25574, 2012-Ohio-454, ¶ 38. The appellate court reasoned that a defendant's obligation to pay court costs arises from an implied contract, and thus, removing a trial court's authority to order community service, should a defendant fail to pay those court costs, would not further the interests of justice. *Id.* The court also noted that R.C. 2947.23(A) "does not expressly provide for the forfeiture of community service where there is a failure of notification." *Id.* at ¶ 37.

{¶ 24} The First Appellate District adopted the reasoning of the Ninth Appellate District and held that "the proper remedy for a trial court's failure to comply with R.C. 2947.23(A)(1) when imposing costs is to vacate the imposition of costs and remand the case for proper

community-service notification." *State v. Dillard*, 1st Dist. No. C-120058, 2012-Ohio-4018, ¶ 8. Similarly, the Eleventh Appellate District held that the proper remedy was to remand the matter to the trial court "for resentencing for proper notification pursuant to R.C. 2947.23(A)(1)(a) and (b)." *State v. Taylor*, 11th Dist. No. 2011-P-0090, 2012-Ohio-3890, ¶ 43.

{¶ 25} We choose to follow the reasoning and holding of the Ninth Appellate District. Consequently, we reverse that portion of the trial court's judgment imposing court costs, affirm the remainder of the trial court's judgment, and remand the matter to the trial court for the proper imposition of court costs in accordance with R.C. 2947.23(A)(1). On remand, the trial court is required to properly notify appellant as required under R.C. 2947.23(A)(1) and to advise him that court costs include jury fees.

{¶ 26} Appellant's second assignment of error is well-taken and sustained.

{¶ 27} Judgment affirmed in part, reversed in part, and remanded.

HENDRICKSON, P.J., and S. POWELL, J., concur.