[Cite as *State v. Hocker*, 2013-Ohio-5522.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.    12 BE 31 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| BRANDON HOCKER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:         Criminal Appeal from Common Pleas
                                 Court, Case No. 11CR315.


JUDGMENT:                        Reversed in part; Remanded.


APPEARANCES:
For Plaintiff-Appellee:          Attorney Dan Fry
                                 Prosecuting Attorney
                                 147-A West Main Street
                                 St. Clairsville, Ohio  43950


For Defendant-Appellant:         Attorney Timothy Young
                                 Ohio State Public Defender
                                 Attorney Stephen Hardwick
                                 Assistant Public Defender
                                 250 East Broad Street, Suite 1400
                                 Columbus, Ohio  43215


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


                                 Dated:  December 9, 2013

VUKOVICH, J.

{¶1}     Defendant-appellant Brandon Hocker appeals after being sentenced to sixteen months in prison by the Belmont County Common Pleas Court.  He contests only the portion of the sentence ordering him to reimburse the state for costs of confinement.  Pursuant to R.C. 2929.18 (A)(5)(a)(ii), a hearing must be held on ability to pay all or part of the costs of confinement before reimbursement of such costs can be ordered as part of the sentence.  As there is no indication that the sentencing hearing contained a hearing on ability to pay costs of confinement, we reverse the portion of the order concerning costs of confinement and remand for further proceedings.

<u>STATEMENT OF THE CASE</u>

{¶2}     In January of 2012, appellant was indicted for felonious assault for causing physical harm to another by means of a deadly weapon in violation of R.C. 2923.11(A)(2), a second degree felony.   A public defender was appointed to represent appellant.  On March 16, 2011, a competency evaluation was conducted, and appellant was found incompetent to stand trial after that evaluation was admitted at a hearing.  He was deemed restored to competency on July 6, 2012, at which time he withdrew his prior not guilty by reason of insanity plea and pled guilty to an amended charge of aggravated assault, a fourth degree felony.   A presentence investigation was ordered at that time.

{¶3}     Sentencing proceeded on August 17, 2012.   The state made no comments, and the defense asked for community control, noting the positive effect of appellant's mental health treatment.   The court made findings regarding the seriousness and recidivism factors and found that a community control sanction would demean the seriousness of the offense.   The court sentenced appellant to sixteen months in prison with credit for the 260 days he had already served.   The court then ordered him to reimburse the state and county for costs of supervision, confinement, and prosecution.

{¶4}     Appellant filed a timely notice of appeal from the August 20, 2012 sentencing entry.  He only contests the portion of the reimbursement order related to

costs of confinement as prosecution costs are to be included in the sentence by statute. *See* R.C. 2947.23(A)(1)(a) (judge shall include costs of prosecution in all criminal sentences); *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, ¶ 8 (trial court can use discretion to waive these costs if asked).

<u>ASSIGNMENT OF ERROR</u>

**{¶5}** Appellant's sole assignment of error provides:

**{¶6}** "The trial court erred in imposing the costs of confinement without first ascertaining that Mr. Hocker had the ability to pay."

**{¶7}** Appellant contends that the trial court failed to hold the statutorily-required hearing before imposing costs of confinement. He does not contest that such hearing could be incorporated into the sentencing hearing but urges that there is no indication that his ability to pay for his own costs of confinement was considered at his sentencing hearing and points out that the court did not find that he was able to pay.

**{¶8}** Appellant notes that before pronouncing sentence and again in the sentencing entry, the court stated that it considered the record, oral statements, the incident report, the PSI, the record of proceedings, the criminal history reports, and the purposes and principles of sentencing. The record includes two competency reports. The various documents show that appellant was 24 at the time of sentencing. He lived with his mother. He left school after tenth grade and received a GED while in juvenile detention. He has no assets and no work history. His juvenile record contained many misdemeanor adjudications. He spent time in juvenile detention or group homes and had previously been sentenced to a year in prison for adult felonies.

**{¶9}** Appellant has been admitted for mental health treatment several times in the past besides the most recent commitment involving the lack of competency in this case. He has been diagnosed with schizoaffective disorder, bipolar type and was in a manic and psychotic state after his arrest for this offense. He was additionally diagnosed with polysubstance dependence and an antisocial personality. At the time of sentencing, he was on two antipsychotics, one medication to control

side effects, and an antianxiety drug. He has reported using illegal drugs in order to suppress voices. His mother noted a prior prescription for Haldol shots and their inability to afford them. She reported that he had successfully applied for disability (which was discontinued due to a prison sentence). His mother also made reference to a plan in the family to try not to leave appellant alone.

{¶10} Appellant posits that the available evidence suggests that he does not have the ability to pay costs of confinement and asks that we vacate that part of sentencing entry. Alternatively, he asks that we remand for a hearing on his ability to pay as this court did in the case of *State v. McGee*, 7th Dist. No. 02JE39, 2003-Ohio-2239.

{¶11} The state has refrained from filing an appellee's brief. Thus, we can accept appellant's statements of facts and issues as correct and reverse the judgment if his brief reasonably appears to sustain such action. App.R. 18(C). For the following reasons, we find that appellant's brief reasonably appears to sustain reversal and remand in this case.

ANALYSIS

{¶12} A court imposing a felony sentence may impose upon an offender financial sanctions such as restitution, a fine, or reimbursement of any or all of the costs of sanctions incurred by the government. R.C. 2929.18(A)(1)-(5). Types of reimbursement for the costs of sanctions can include: a supervision fee for community control, costs of confinement in prison, or an immobilizing device. R.C. 2929.18(A)(5)(i)-(iii). *See also* R.C. 2929.18(A)(5)(b) (reimbursement to local government if offender is sentenced to confinement in a facility run by said entity).

{¶13} The statute outlining the sentencing hearing provides that, before imposing any financial sanction under R.C. 2929.18, the court shall consider the offender's present and future ability to pay the amount of the financial sanction. R.C. 2929.19(B)(5). The financial sanction statute generally provides that a court that imposes a financial sanction upon an offender "may hold a hearing if necessary" to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it. R.C. 2929.18(E).

**{¶14}** This court has stated that, although it is preferable, the trial court need not expressly state that it considered a defendant's ability to pay before imposing a fine. *State v. Gabriel*, 7th Dist. No. 09MA109, 2010-Ohio-3151, ¶ 12. Thus, if a court said it considered PSI and the PSI contained financial information, the reviewing court can find consideration of ability to pay. *Id.* And, the reviewing court can also consider statements by the court, counsel, and the defendant regarding ability to pay a fine. *Id.*

**{¶15}** However, the portion of R.C. 2929.18 permitting the imposition of costs of confinement expressly requires a hearing on the amount the offender is able to pay and sets limits on the amount of reimbursement to be ordered. Specifically, this provision allows an order of reimbursement of: "All or part of the costs of confinement * * * provided that the amount of reimbursement ordered under this division shall not exceed the total amount of reimbursement the offender is able to pay as determined at a hearing and shall not exceed the actual cost of the confinement." R.C. 2929.18(A)(5)(ii).[1]

**{¶16}** A specific provision prevails as an exception over a general provision. *State ex rel. Dublin Securities, Inc. v. Ohio Div. of Securities* (1994), 68 Ohio St.3d 426, 429, 627 N.E.2d 993 (1994); R.C. 1.51. Consequently, R.C. 2929.18(A)(5)(ii) prevails over R.C. 2929.18(E) where a court is considering whether to order costs of confinement in a felony sentence.

**{¶17}** We have addressed a similar costs of confinement issue in *McGee*, where the trial court had ordered the defendant to pay the costs of the action, appointed counsel costs, and all fees under R.C. 2929.18(A)(4) (which is now (A)(5), the provision at issue herein). *State v. McGee*, 7th Dist. No. 02JE39, 2003-Ohio-2239, ¶ 1. The defendant argued on appeal that the court failed to make a finding on ability to pay for counsel costs and failed to consider ability to pay any other fees. *Id.*

---

[1]In contrast, neither the section on reimbursement for supervision fees nor the section on reimbursement for disabling devices contain its own provision setting limits and requiring a hearing. R.C. 2929.18(A)(5)(i), (iii) (the sections that straddle the section permitting costs of confinement). *See also* R.C. 2929.28(A)(3)(a)(ii), (B) (statute permitting costs of confinement for jail sentence in misdemeanor case contains no mandated hearing).

at ¶ 3-4. The state filed a stipulation that the defendant's arguments on appeal had merit and asked this court to remand for a determination of ability to pay before assessment of the various costs. *Id.* at ¶ 5.

{¶18} First, we addressed the statute pertaining to costs for appointed counsel. This statute provides that the fees and expenses for counsel that are approved by the court shall not be taxed as costs and shall be paid by the county unless the defendant has, or reasonably may be expected to have, the means to meet some part of the cost in which case the defendant shall pay an amount he can reasonably be expected to pay. R.C. 2941.51(D). We concluded that the trial court must make an affirmative determination that the defendant has, or reasonably may be expected to have, the means to pay some or all of the cost of legal services. *McGee*, 7th Dist. No. 02JE39 at ¶ 8.

{¶19} We then noted the general requirement that the court must consider the defendant's present and future ability to pay for any R.C. 2929.18 sanctions and found no evidence in the record that the defendant had a present or future ability to pay for counsel costs or financial sanctions. *Id.* at ¶ 9-10, citing R.C. 2929.19(B)(6). Furthermore, we pointed to the monetary limits in the section permitting the imposition of costs of confinement and held that a hearing was required under that section. *Id.* at ¶ 11. This court then vacated the portion of the sentencing entry imposing costs and fees and remanded for a determination of the defendant's ability to pay. *Id.* at ¶ 12.

{¶20} Here, appellant's ability to pay costs of confinement was not addressed by the state below, and the trial court made no statements indicating that ability to pay was being considered prior to imposing the reimbursement order. Nor does the sentencing entry contain a reference to ability to pay or to topics relevant to ability to pay. On appeal, the state has decided not to file an appellee's brief allowing acceptance of appellant's facts and issues under App.R. 18(C) since appellant's brief reasonably sustains reversal. As there is no indication that a hearing on ability to pay cost of confinement was incorporated into the sentencing hearing, we apply our *McGee* decision. In accordance, the judgment of the trial court regarding the costs of

confinement order is reversed, and the case is remanded for a hearing on ability to pay.

Waite, J., concurs.
DeGenaro, P.J., concurs.