JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Timothy Coleman appeals the sentence of the common pleas court pursuant to his guilty plea to aggravated assault. On appeal, he assigns the following errors for our review:
 {¶ 2} "I. The trial court erred in considering, as aggravating factors, elements that the appellant did not plead guilty to before imposing sentence."
 {¶ 3} "II. The trial court failed to make a finding that the defendant's sentence is consistent with similarly situated offenders."
 {¶ 4} "III. The trial court's sentence of defendant is contrary to law because it is more than the minimum."
 {¶ 5} "IV. The trial court's imposition of a fine to defendant is in error as appellant was adjudicated indigent and is unable to pay the financial sanction, either presently or in the future."
 {¶ 6} Having reviewed the record and pertinent law, we affirm the judgment of the court. The apposite facts follow.
 {¶ 7} The record reflects on September 25, 2002, the grand jury indicted Coleman for one count of felonious assault. On November 25, 2002, pursuant to a plea agreement with the State of Ohio, Coleman pled guilty to the lesser included offense of aggravated assault. The trial court scheduled the sentencing hearing for December 23, 2002, and referred the matter to the probation department for a pre-sentence investigation.
 {¶ 8} At the sentencing hearing that ensued, the victim, Sabrina Coleman, who was also the niece of appellant, stated, on July 31, 2002, after having a heated argument with Coleman, she told him she had called the police. At which point he became very upset and told her she had to stop disrespecting him. She told him not to talk to her like a child. Although she did not give details, she stated Coleman assaulted her while she was seven months pregnant, and has shown no remorse.
 {¶ 9} Coleman's attorney asked the court to consider that Coleman was close to fifty years old, did not have a criminal record, and was gainfully employed.
 {¶ 10} Coleman stated he was sorry for what happened between him and his niece. He said they were arguing and the incident was an accident.
 {¶ 11} In imposing the sentence, the court stated Coleman struck his twenty-three year old pregnant niece on the left side of her body with a metal baseball bat. When his niece attempted to leave the house, Coleman went over and punched her on the right side of her head. The court noted that Coleman showed no remorse.
 {¶ 12} Finally, the court stated a prison term was consistent with protecting the public from future crime, and punishing Coleman for his actions. It further found he caused physical harm to his niece and did so with a weapon. Finally, the court found the shortest term of imprisonment would demean the seriousness of the offense and would not protect the public from future crime by the offender.
 {¶ 13} The trial court sentenced Coleman to sixteen months incarceration, post-release control, and imposed a fine of $1,000. Coleman now appeals.
 {¶ 14} Having a common basis in both law and fact, Coleman's first, second, and third assigned errors will be addressed together.
 {¶ 15} R.C. 2953.08, which governs the appeal of felony sentences, dictates that an appellate court may not disturb a sentence imposed under felony sentencing law unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law.[1] Upon review, the appellate court shall examine the record, including the pre-sentence investigative report, the trial court record, and any oral or written statements made to or by the court at the sentencing hearing.[2]
 {¶ 16} R.C. 2929.11 sets forth the purposes of felony sentencing and enunciates the proportionality principle for sentencing:
 {¶ 17} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 18} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 19} A trial court is given broad discretion when sentencing within the confines of statutory authority.[3]
 {¶ 20} The penalties for felonies of the fourth degree are set forth in R.C. 2929.14, and provides that fourth degree felonies are punishable by prison terms from six to eighteen months. By imposing an eighteen month sentence, the trial court imposed the maximum term.
 {¶ 21} In Coleman's first, second and third assigned errors, he contends the trial court erred by imposing more than the minimum allowable sentence.
 {¶ 22} The Ohio Revised Code states that if an offender has not served a previous prison term, the trial court must impose the minimum sentence unless it finds on the record that a minimum sentence would "demean the seriousness of the offender's conduct" or "not adequately protect the public from future crime by the offender or others."[4]
 {¶ 23} In State v. Edmonson[5] the Ohio Supreme Court "construed [R.C. 2929.14(B)] to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence."
 {¶ 24} In the instant matter, the trial court noted the shortest term of imprisonment would demean the seriousness of the offense and would not adequately protect the public from future crime by the offender.[6] Under Edmonson, the trial court is not required to give the reasons for its finding under R.C.2929.14(B). The court in the instant case, however, in addition to making the requisite finding, provided an analysis for that finding: it cited the victim was seven months pregnant; she was only twenty-three years old; he attacked her with a metal baseball bat, hitting her on the side of her body, and when she attempted to leave the house he punched her in the face. Given this record, we conclude the court complied with R.C. 2929.14(B) in sentencing Coleman to more than the minimum.
 {¶ 25} Coleman also contends his sentence is inconsistent with sentences for similar crimes. He supports his claim by citing State v. Lyons.[7] In Lyons, the defendant arranged to meet with an ex-employee who he believed had stolen tools from him. The victim testified that defendant punched him in the face and struck him several times with a piece of wood. The defendant was sentenced to concurrent terms of five years on the felonious assault charge and six years on the kidnaping charge. However, the record did not show that the trial court considered the minimum sentence, let alone that it engaged in the required analysis, when it chose to depart from the minimum because defendant had not previously served a prison term. Also, the trial court failed to impose a sentence consistent with sentences imposed for similar crimes committed by similar offenders, pursuant to R.C. 2929.11(B). Consequently, this court affirmed the conviction, but vacated the sentence imposed and remanded the case for resentencing.
 {¶ 26} In State v. Ryan,[8] the court, quoting an article authored by Judge Burt W. Griffin and Professor Lewis R. Katz,[9] provided the following guideline for a review of a consistency claim under R.C. 2929.11(B):
 {¶ 27} "The Ohio plan attempts to assure proportionality in felony sentencing through consistency. R.C. 2929.11(B). Consistency, however, does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration the trial court's discretion to weigh relevant statutory factors. The task of the appellate court is to examine the available data not to determine if the trial court has imposed a sentence that is in lockstep with others, but whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although offenses may be similar, distinguishing factors may justify dissimilar sentences.
 {¶ 28} "An obstacle to appellate review for consistency of individual sentences under the Ohio plan is the current lack of acceptable sentencing data and records from which to determine the mainstream sentencing range for specific offenses. Although the Ohio Criminal Sentencing Commission is apparently engaged in a pilot project to collect computerized data to assess consistency, the program has not yet been implemented. Absent such a data bank, however, appellate courts can still compare similar cases for consistency in sentencing.
 {¶ 29} "` * * * [A] random list of citations to appellate decisions is of dubious value in this regard since it does not necessarily take into account all the unique factors that may distinguish one case from another. Indeed, to rely on appellate cases alone excludes cases involving sentences that have not been appealed or that have resulted from agreements involving guilty or no-contest pleas. It is difficult to glean from an appellate decision, without the benefit of the entire record, whether the * * * felony [in the cited cases] is, in fact, at all similar to the one under consideration. Ultimately, even with the benefit of these cases, we must ask ourselves whether, pursuant to R.C.2929.11(B), the sentence was `reasonably calculated to achieve the overriding purposes of felony sentencing' and whether it was commensurate with the seriousness of the offender's conduct and the impact on the victim.'"[10]
 {¶ 30} Here, the court's consideration of the relevant statutory factors is demonstrated by its extensive comments regarding the nature of Coleman's attack upon his young pregnant niece. This court has held that R.C. 2929.11(B): "does not require the trial court to engage in an analysis on the record to determine whether defendants who have committed similar crimes have received similar punishments. Rather, the statute indicates the trial court's comments made at the hearing should reflect the court considered that aspect of the statutory purpose in fashioning the appropriate sentence."[11]
 {¶ 31} We are satisfied the sentence the trial court imposed was reasonably calculated to achieve the overriding purposes of felony sentencing, commensurate with the seriousness of Coleman's conduct, and the impact on the victim. Accordingly, we conclude his consistency claim lacks merit.
 {¶ 32} In his fourth assigned error, Coleman argues the fine imposed by the trial court is contrary to law and not supported by the record. Coleman maintains the Presentence Investigation Report ("PSI") indicates his income is $1,200 per month and that he is responsible for the support of two children, which affects his ability to pay the fine.
 {¶ 33} R.C. 2929.18 authorizes a trial court to impose financial sanctions upon felony offenders. Before imposing a financial sanction under R.C. 2929.18, the trial court "shall consider the offender's present and future ability to pay the amount of the sanction or fine."[12] A trial court that imposes a financial sanction upon an offender may hold a hearing on the offender's ability to pay fines or restitution, but a hearing is not required.[13] As with other aspects of a criminal sentence, an appellate court cannot modify a financial sanction unless it finds by clear and convincing evidence that it is not supported by the record or is contrary to law.[14]
 {¶ 34} As stated above, Coleman pled guilty to aggravated assault, a fourth degree felony. The maximum fine for a fourth degree felony is $5,000. The trial court imposed a fine of $1,000. We do not think a fine amounting to twenty percent of the maximum penalty is unreasonable.
 {¶ 35} Coleman also argues the trial court should not have ordered him to pay fines because he was found to be indigent for purposes of this appeal.[15] A determination that a criminal defendant is indigent for purposes of receiving appointed counsel does not prohibit the trial court from imposing a financial sanction pursuant to R.C. 2929.18. This is because the ability to pay a fine over a period of time is not equivalent to the ability to pay legal counsel a retainer fee at the onset of criminal proceedings.[16]
 {¶ 36} As this court has previously noted, many criminal defendants, even those who have steady incomes, are not able to raise sufficient funds to pay the retainer fee required by private counsel before counsel will make an initial appearance. This difference is even more evident in cases where the defendant has to utilize his financial resources to raise sufficient bond money in order to be released from jail. In contrast, the payment of a mandatory fine over a period of time is not equivalent to the immediate need for legal representation at the initiation of criminal proceedings.[17]
 {¶ 37} Accordingly, the fact Coleman had appointed counsel for the instant appeal does not require this court to conclude that the trial court's imposition of a fine is contrary to law. In light of the foregoing, we cannot conclude by clear and convincing evidence that, the financial sanction is not supported by the record, or that it is contrary to law. Coleman's fourth assigned error is overruled.
 {¶ 38} Additionally, we note the sentencing transcript shows the trial court sentenced Coleman to eighteen months; however the journal entry reflects the trial court sentenced him to sixteen months. We note both parties' briefs showed Coleman's sentence to be sixteen months. We conclude the journal entry correctly states the sentence.
 {¶ 39} The judgment is affirmed.
Judgment affirmed.
James D. Sweeney,* J., concurs.
Timothy E. McMonagle J., Concurs in part and concurs in Judgment only in part with separate opinion attached.
[1] R.C. 2953.08(G)(2); State v. Garcia (1998),126 Ohio App.3d 485, 487.
[2] R.C. 2953.08(F)(1)-(4).
[3] State v. Wright (1998), 126 Ohio App.3d 628, 632.
[4] R.C. 2929.14(B).
[5] (1999), 86 Ohio St.3d 324, 326.
[6] Sentencing Transcript P. 32-33.
[7] Cuyahoga App. No. 80220, 2002-Ohio-3424.
[8] Hamilton App. No. C-020283, 2003-Ohio-1188.
[9] Griffin and Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W. L.R.Rev. 1.
[10] State v. Ryan, at ¶ 9-12 (citations omitted).
[11] State v. Edmonson (1999), 86 Ohio St.3d 324 at 326-327;State v. Hunt, Cuyahoga App. No. 81305, 2003-Ohio-175 at ¶ 26.
[12] R.C. 2929.19 (B)(6).
[13] State v. Stevens (Sept. 21, 1998), Clinton App. No. CA98-01-001; R.C. 2929.18(E).
[14] See R.C. 2953.08(G); State v. Blanton (Mar. 19, 2001), Butler App. No. CA99-11-202.
[15] State v. Johnson (1995), 107 Ohio App.3d 723, 728;State v. Powell (1992), 78 Ohio App.3d 784, 788.
[16] Id.
[17] Powell, 78 Ohio App.3d at 789-90.
* Judge James D. Sweeney, retired, of the Eighth District Court of appeals sitting by assignment.