OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Chad Potts, appeals the decision of the Harrison County Court of Common Pleas that accepted his guilty plea to theft, sentenced him, and ordered Potts to pay restitution to his victim. On appeal, Potts argues that the trial court erred when entering its restitution award because it did not first find that Potts had the ability to pay such a sanction and because the State did not sufficiently prove the amount of economic loss suffered by the victim. Potts waived his first argument by not raising it in the trial court. Furthermore, Potts's second argument is meritless because it holds the State up to too high a standard of proof. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 2} On January 12, 2007, Potts was indicted by the Harrison County Grand Jury on two counts: 1) theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree under R.C. 2913.02(B)(2) and 2) breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree. Although he initially pleaded not guilty to these offenses, Potts eventually agreed to plead guilty to theft and the State nolled the breaking and entering charge. On May 14, 2007, the trial court accepted Potts's plea, sentenced him to eight months imprisonment, and set a date for a restitution hearing.
 {¶ 3} The trial court held the restitution hearing on May 21, 2007. After hearing from the victim, the trial court ordered that Potts pay restitution of $13,823.97.
 Ability to Pay {¶ 4} In the first of his two assignments of error, Potts argues:
 {¶ 5} "The trial court erred in not determining the Appellant's ability to pay imposing [sic] the financial sanctions."
 {¶ 6} A trial court has broad discretion when imposing a financial sanction upon an offender and a reviewing court should not interfere with its decision unless the trial court abused that discretion by failing to consider the statutory sentencing factors. State v.Keylor, 7th Dist. No. 02 MO 12, 2003-Ohio-3491, at ¶ 9. An abuse of discretion connotes more than an error of law or judgment; it implies the trial court acted *Page 2 
unreasonably, arbitrarily, or unconscionably. State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 7} R.C. 2929.18(A)(1) allows a trial court to order an offender to pay restitution "to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." The trial court must "consider the offender's present and future ability to pay the amount of the sanction or fine" before imposing such a sanction. R.C. 2929.19(B)(6). However, the trial court only needs to consider the impact of the financial sanction upon the offender if evidence is offered at the sentencing hearing. Keylor at ¶ 11. "In the event appellant is later brought before the court for failing to pay the fine, then he would be entitled to a hearing as to the ability to pay such."State v. Higgenbotham (Mar. 21, 2000), 7th Dist. No. 97 BA 70, at 7. Moreover, an offender who does not raise his ability to pay a financial sanction at the time the sanction is imposed waives any argument concerning his ability to pay on direct appeal. Keylor at ¶ 12.
 {¶ 8} In this case, Potts never raised his ability to pay any financial sanction at the restitution hearing. Thus, he has waived this issue for the purposes of this appeal. If he is indeed unable to pay, then he must raise that issue at a hearing for non-payment. Potts' first assignment of error is meritless.
 Proof of Economic Loss {¶ 9} In his second assignment of error, Potts argues:
 {¶ 10} "The trial court erred on ordering $13,823.97 in restitution due to insufficient competent and credible evidence of the economic loss being proven by the State."
 {¶ 11} As stated above, the trial court can order restitution based on the victim's "economic loss." R.C. 2929.18(A)(1). R.C. 2929.01(M) defines "economic loss" as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense." The amount of a victim's economic loss must be established by competent, credible evidence to a reasonable degree of certainty. State v.Bates, 7th Dist. No. 03-BE-57, 2004-Ohio-1370, at ¶ 38. The *Page 3 
Rules of Evidence do not apply to hearings held to determine the amount of restitution. State v. Tuemler, 12th Dist. No. CA2002-06-068,2005-Ohio-1240, at ¶ 17.
 {¶ 12} In this case, the victim was a company and the president of that company, Steve Reese, testified at the restitution hearing. Reese testified that his employees conducted an inventory to determine what had been stolen shortly after the theft was discovered. Based on that information, Reese called to find out the value of what had been stolen. The total calculation of the economic loss also included the hours that Reese "thought it would take" for his employees to rewire pieces of equipment from which wire had been stolen. Reese later testified that the machines had, in fact, been rewired.
 {¶ 13} Potts contends that this evidence did not sufficiently prove economic damages since Reese had to make estimates about how much was stolen and the time involved to repair certain equipment after the theft. Potts is holding the State to too high a standard of proof. The amount of loss must be proven to a reasonable degree of certainty. Reese and his employees were familiar with what had been stolen, looked up the value of those stolen materials, and based an estimate on the time to repair equipment on years of experience. This is sufficient to show the amount of actual economic loss with reasonable certainty. Potts' arguments to the contrary are meritless.
 {¶ 14} Accordingly, both of Potts' assignments of error are meritless, and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1