OPINION
{¶ 1} Defendant-appellant, Charles Weyand (Weyand), appeals his conviction in the Columbiana County Common Pleas Court for operating a vehicle under the influence of alcohol or drugs. The central issue is whether the trial court erred in assessing a fine and court costs without considering his present and future ability to pay.
 {¶ 2} On July 27, 2006, a Columbiana County grand jury indicted Weyand for operating a vehicle under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(h). The offense was a fourth-degree felony because Weyand had previously been convicted of five or more violations of R.C. 4511.19, or another equivalent offense, within twenty years of this offense.
 {¶ 3} Weyand entered into a felony plea agreement in which the state agreed to recommend a one-year term of incarceration, a $2,500.00 fine, a twenty-year license suspension, criminal forfeiture of the vehicle driven at the time of his offense, and counseling and alcohol treatment.
 {¶ 4} At the June 5, 2007 plea hearing, Weyand pleaded guilty as charged to the indictment after the trial court advised him of his rights both orally and in writing. (Plea Tr. 9-18.) On August 6, 2007, the trial court sentenced Weyand to a twenty-nine month term of imprisonment, including the 120-day mandatory term of incarceration, a $1,000.00 fine to be paid within one year from the time of his prison release, a permanent revocation of his operator's license, vehicle forfeiture, and counseling and alcohol treatment.
 {¶ 5} Weyand's sole assignment of error states:
 {¶ 6} "THE TRIAL COURT ERRED BY ORDERING MR. WEYAND TO PAY A $1,000.00 FINE AND COURT COSTS WITHOUT CONSIDERING HIS PRESENT AND FUTURE ABILITY TO PAY, AS REQUIRED BY R.C. 2929.19(B)(6)."
 {¶ 7} A trial court has broad discretion when imposing a financial sanction upon an offender and a reviewing court should not interfere with its decision unless the trial court abused that discretion by failing to consider the statutory sentencing factors. State v.Keylor, 7th Dist. No. 02 MO 12, 2003-Ohio-3491, at ¶ 9. An abuse of *Page 2 
discretion connotes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably.State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169,404 N.E.2d 144.
 {¶ 8} Weyand argues that the trial court was under a mandatory obligation to determine his ability to pay financial sanctions, and that nothing in the record indicates that the trial court considered his present and future ability to pay the imposed fine. Weyand also argues that the court's indigency finding, his reliance on court appointed counsel, and his testimony at the sentencing hearing to receiving social security benefits as income are proof that he does not and will not have the financial means to pay the $1,000.00 fine and court costs. Weyand alleges "[t]he court made no additional inquiries or statements on the matter" during the sentencing hearing.
 {¶ 9} R.C. 2929.19(B)(6) requires that a trial court "consider the offender's present and future ability to pay the amount of the sanction or fine" before imposing a monetary sanction. Keylor at ¶ 11. R.C. 2929.18(E) further provides that the trial court "may hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it." Id. Thus, a hearing only needs to be held at the trial court's discretion. Id., citingState v. Higgenbotham (Mar. 21, 2000), 7th Dist. No. 97BA70, at 7. "In the event appellant is later brought before the court for failing to pay the fine, then he would be entitled to a hearing as to the ability to pay such." Id.
 {¶ 10} R.C. 2929.19(B)(6) does not contain express factors that must be considered, or specific findings regarding the offender's ability to pay that must be made. State v. Dandridge, 12th Dist. No. CA2003-12-330,2005-Ohio-1077, at ¶ 6; State v. Martin, 140 Ohio App.3d 326, 338,2000-Ohio-1942, 747 N.E.2d 318. "All that is required under R.C. 2929.19(B)(6) is that the trial court `consider the offender's present or future ability to pay.'" Dandridge at ¶ 6. Compliance with R.C. 2929.19(B)(6) can be shown when a trial court considers a PSI that details personal *Page 3 
and financial information. Id., citing Martin at 338-339. Although the PSI is not part of the public record, it is part of the appellate record for review. R.C. 2953.08(F).
 {¶ 11} Importantly, Weyand effectively waived any issue concerning the amount of the fine. First, as part of the felony plea agreement, Weyand agreed to pay a $2,500.00 fine, $1,500.00 more than the $1,000.00 fine the trial court ordered at sentencing. Second, Weyand failed to object to the amount of the fine during the sentencing hearing. "Where the offender does not object at the sentencing hearing to the amount of the fine and does not request an opportunity to demonstrate to the court that he does not have the resources to pay the fine, he waives any objection to the fine on appeal." Keylor, quoting State v. Frazier (Oct. 9, 1997), 8th Dist. No. 71675-78. Thus, Weyand waived any argument on appeal concerning his ability to pay these fines. See Keylor.
 {¶ 12} Even though Weyand fails to discuss in his brief why he did not raise any objections to the trial court's imposition of a fine and costs at the sentencing, he asserts that this court has previously improperly determined that a defendant is responsible for "raising ability to pay at sentencing" in State v. Potts, 7th Dist. No. 07HA4, 2008-Ohio-643, at ¶ 7, citing Keylor at ¶ 12. Weyand reasons that this court's decision inPotts was based upon an erroneous cite to Keylor, in which this court refers to the Eighth District's opinion in Frazier. In Frazier, the court considered an issue similar to that presented here and analyzed its decision, in part, pursuant to outdated statutory language found in R.C. 2925.03(L). Upon reviewing this court's decisions in bothPotts and Keylor, we conclude that Weyand has misinterpreted this court's holding. In Keylor, this court simply said "[t]he trial court only needs to consider the impact of the fine upon the offender if evidence is offered at the sentencing hearing." Id., citingFrazier. Contrary to Weyand's argument, it is evident that this court did not base its decisions on the Frazier court's analysis of the outdated language of R.C. 2925.03(L) requiring an affidavit.
 {¶ 13} Even assuming Weyand had not waived the issue of his ability to pay the fines imposed by the trial court, the arguments he raises on appeal are *Page 4 
nevertheless not meritorious. In this case, the trial court did not explicitly state that it considered Weyand's present and future ability to pay the financial sanctions it imposed. However, in its sentencing judgment entry, the trial court stated that it had considered, among other things, the PSI. The PSI contains information regarding Weyand's education, income, criminal history, and health. The record also reflects that the court questioned Weyand about his age, employment status, and whether his social security benefits are for a disability, which they are not. (Sent. Tr. 26.) The trial court also advised Weyand that "it is allowed to consider a number of different things, including the information contained in the pre-sentence investigation." (Sent. Tr. 30.)
 {¶ 14} Given the information in the PSI, and the trial court's references to its consideration of the PSI, as well as the questions the trial court posed to Weyand during the sentencing hearing, the record provides sufficient evidence indicating that the trial court considered Weyand's present and future ability to pay financial sanctions before imposing a $1,000.00 fine. See, also, State v. Dunaway, 12th Dist. No. CA2001-12-280, 2003-Ohio-1062 at ¶ 37-38; State v. Martin,140 Ohio App.3d 326, 327-328, 2000-Ohio-1942; State v. Southerland, 12th Dist. No. CA2001-06-153, 2002-Ohio-1911 (similarly finding that trial court considered present and future ability to pay).
 {¶ 15} Additionally, the trial court advised Weyand that the maximum fine for his offense of operating a vehicle under the influence of alcohol or drugs, a fourth-degree felony, was $10,000.00, and the minimum fine was $800.00. In spite of the trial court's ability to order a significantly larger fine, the trial court ordered Weyand to pay only $200.00 more than the minimum, and allowed for up to one year post release to complete payment.
 {¶ 16} Weyand also argues the trial court should not have ordered him to pay fines because he was found to be indigent. However, a determination that a criminal defendant is indigent for purposes of receiving appointed counsel does not prohibit the trial court from imposing a financial sanction pursuant to R.C. 2929.18. State v. *Page 5 Coleman, 8th Dist. No. 82394, 2004-Ohio-234, at ¶ 35. This is because the ability to pay a fine over a period of time is not equivalent to the ability to pay legal counsel a retainer fee at the onset of criminal proceedings. Id. See, also, State v. Kelly (2001), 145 Ohio App.3d 277,284, 762 N.E.2d 479.
 {¶ 17} Weyand also challenges the trial court's imposition of costs of prosecution without determining his ability to pay these costs. Weyand erroneously cites R.C. 2929.19(B)(6), which deals with fines and not with court costs. The relevant statute is R.C. 2947.23, which requires that, "[i]n all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." State v. Brunson (Nov. 17, 2004), 7th Dist. No. 03-BE-26. A trial court is not required to hold a hearing or otherwise determine an offender's ability to pay before ordering him to pay court costs. Id., citing State v. Roux, 154 Ohio App.3d 296,2003-Ohio-4876, 797 N.E.2d 112, ¶ 16; affirmed, 105 Ohio St.3d 126,2005-Ohio-783, 823 N.E.2d 443. R.C. 2947.23 makes no distinction between indigent defendants and defendants who have the ability to pay court costs, but simply orders the judge to impose court costs on the defendant. Id., citing Roux at ¶ 8. The issue of ability to pay court costs only arises in the collection phase of the process. Id., citingRoux at ¶ 16. Thus, the trial court did not err by ordering Weyand to pay the costs of prosecution without considering his ability to pay.
 {¶ 18} Based on the foregoing, Weyand's sole assignment of error is without merit.
 {¶ 19} The judgment of the trial court is hereby affirmed.
 Waite, J., concurs. DeGenaro, P.J., concurs. *Page 1