[Cite as *State v. Anderson*, 2016-Ohio-7252.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                          :
                                                                   Case No. 15CA3696
    v.                                                  :

                                                 DECISION AND
JAMES D. ANDERSON,                            :    JUDGMENT ENTRY

    Defendant-Appellant.                         :    RELEASED 09/30/2016

_____

APPEARANCES:

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Shane A. Tieman, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

David A. Sams, West Jefferson, Ohio, for Appellant.

_____

Hoover, J.

{¶ 1} A jury found the defendant-appellant, James D. Anderson ("Anderson"), guilty of various counts of Burglary and Theft, two counts of Receiving Stolen Property, and one count of Failure to Comply with an Order or Signal of a Police Officer. In this appeal, Anderson contends that the trial court violated his right to a speedy trial. In addition, Anderson contends that the trial court abused its discretion in its restitution order. For the following reasons, Anderson's assignments of error are overruled. The judgment of the trial court is affirmed.

**I. Facts and Procedural History**

{¶ 2} Anderson's indictment contained twenty different counts as follows. The verdicts of the jury are listed beside each count.

| COUNT | CHARGE | DEGREE OF OFFENSE | OHIO REVISED CODE SECTION | VERDICT |
|---|---|---|---|---|
| 1 | Burglary | F2 | 2911.12(A)(2), 2911.12(D) | Guilty |
| 2 | Theft | F5 | 2913.02(A)(1), 2913.02(B)(2) | Guilty |
| 3 | Burglary | F2 | 2911.12(A)(2), 2911.12(D) | Guilty |
| 4 | Theft | F5 | 2913.02(A)(1), 2913.02(B)(2) | Guilty |
| 5 | Burglary | F2 | 2911.12(A)(2), 2911.12(D) | Not Guilty |
| 6 | Theft | F5 | 2913.02(A)(1), 2913.02(B)(2) | Not Guilty |
| 7 | Burglary | F2 | 2911.12(A)(2), 2911.12(D) | Guilty |
| 8 | Theft | F5 | 2913.02(A)(1), 2913.02(B)(2) | Guilty |
| 9 | Burglary | F2 | 2911.12(A)(2), 2911.12(D) | Not Guilty |
| 10 | Theft | F5 | 2913.02(A)(1), 2913.02(B)(2) | Not Guilty |
| 11 | Burglary | F2 | 2911.12(A)(2), 2911.12(D) | Guilty |
| 12 | Grand Theft | F4 | 2913.02(A)(1), 2913.02(B)(2) | Guilty |
| 13 | Burglary | F2 | 2911.12(A)(2), 2911.12(D) | Guilty |
| 14 | Grand Theft when the Property is a Firearm or Dangerous Ordnance | F3 | 2913.02(A)(1), 2913.02(B)(4) | Not Guilty |
| 15 | Theft | F5 | 2913.02(A)(1), 2913.02(B)(2) | Guilty |

| 16 | Grand Theft of a Motor Vehicle | F4 | 2913.02(A)(1), 2913.02(B)(5) | Guilty |
|---|---|---|---|---|
| 17 | Receiving Stolen Property | F4 | 2913.51(A), 2913.51(C) | Guilty |
| 18 | Receiving Stolen Property | F4 | 2913.51(A), 2913.51(C) | Guilty |
| 19 | Failure to Comply with an Order or Signal of a Police Officer | F3 | 2921.331(B), 2921.331(C)(5)(a)(ii) | Guilty |
| 20 | Receiving Stolen Property | F5 | 2913.51(A), 2913.51(C) | _____ |

Anderson and three other co-defendants were named in the indictment, all receiving letter designations. Anderson was designated as "A"; Kermit Anderson was designated as "B"; Ariana Elliott was designated as "C"; and Tawana J. Giffen was designated as "D". Although Count 20 was included in Anderson's indictment; only Kermit Anderson "B" was alleged to have committed the crime of Receiving Stolen Property.

{¶ 3} The underlying facts comprising the allegations of the indictment are irrelevant to the assigned errors before us; therefore, we will proceed with primarily examining the procedural history of the case rather than the factual history.

{¶ 4} The State of Ohio ("State") and Anderson agree that Anderson was arrested on November 13, 2014. On November 14, 2014, Anderson was arraigned in the Portsmouth Municipal Court. On November 19, 2014, he was bound over to the grand jury. On December 17, 2014, he was indicted with charges as set forth above in the table. Although Anderson was scheduled to be arraigned on January 7, 2015, he was actually arraigned on the charges set forth in the indictment on January 8, 2015.

{¶ 5} According to the State's Information to the Court, which was filed on February 20, 2015, Anderson electronically submitted his Motion for Discovery to the State on January 9, 2015. Motions for discovery are now routinely submitted through the Matrix Portal utilized by the Scioto County Prosecutor's office and the defense bar; therefore, Anderson's Motion for Discovery is not actually time-stamped on January 9, 2015. On January 12, 2015, Anderson filed: (1) a Motion to Preserve Evidence, and (2) a Request for Bill of Particulars and a Notice of Intent to Use Evidence. The State filed its response to discovery via web portal and via the Clerk of Courts office on January 16, 2015. The actual response to defendant's request for discovery, however, states in the certificate of service that it was filed and served electronically on January 14, 2015, upon Anderson's attorney. Likewise, the State filed its Bill of Particulars on January 16, 2015, but the document's certificate of service indicates that it was filed and served electronically on January 12, 2015, upon Anderson's attorney.

{¶ 6} On January 23, 2015, the trial court granted Anderson's Motion to Preserve Evidence.

{¶ 7} On January 28, 2015, the State filed a Supplemental Response to [Anderson's] Request for Discovery. On February 6, 2015, the State filed another Supplemental Response to [Anderson's] Request for Discovery.

{¶ 8} On February 9, 2015, a jury trial and voir dire commenced. After both sides had exercised their peremptory challenges, 12 jurors were left on the panel with no alternates. At this point, the State moved to continue the trial. The State contended that it had until February 18, 2015, in which to bring Anderson to trial in order to comply with the speedy trial statutes. The trial court stated the following:

THE COURT: But you understand that my ability to seat a jury today with 12

people and no alternate if your calculations are wrong on time then that's a

problem. The bottom line is I'm able to seat a jury, but I don't have any alternate

today, are you willing to take that risk?

Anderson's attorney objected to the continuance. Over Anderson's objection, the trial court granted the State's motion and declared a mistrial. The trial court scheduled Anderson's trial for February 17, 2015.[1]

{¶ 9} On February 17, 2015, Anderson's case came before the trial court again for a jury trial. On this date, unfortunately, Scioto County "experienced 6 inches of snow resulting in a level 2 snow emergency and not enough perspective [sic] jurors appeared to allow for the selection of twelve jurors." After voir dire, and after the parties exercised their peremptory challenges, only eleven jurors were left. Both the State and Anderson's attorney agreed that they had made every effort to seat a jury; but they were unable to seat twelve jurors. Thus, the trial court declared a mistrial. The trial court included in its Judgment Entry that "[t]he speedy trial time, pursuant to R.C. §2945.71, is hereby tolled pursuant to R.C. §2945.72(H)."

{¶ 10} On February 23, 2015, Anderson filed a Motion to Dismiss on the basis that he had "been held in jail since his arrest on 11/13/2014 and that the triple count provisions of ORC 2945.71(E) apply." Anderson claimed that he had been held in jail for 294 days, which exceeds the 270 day period. The State argued that a period of 7 days was tolled due to Anderson's request for discovery which was submitted on January 9, 2015, and which was answered seven days later. The State further argued that the continuance of the first week of trial was "reasonable" because although twelve jurors were seated, one of the jurors was going to be unavailable the

---

[1] The State's Proposed Judgment Entry was accepted and executed by the trial court on February 12, 2015. The Judgment Entry ordered that the matter be continued to January 17, 2015 at 9:00 a.m. This was clearly a typographical error as that date had already passed; and the transcript of the jury trial was dated February 17, 2015.

next week. Although no separate judgment entry appears in the record that denied Anderson's Motion to Dismiss, the transcript reveals that the trial court overruled Anderson's motion to dismiss; and obviously, the trial court proceeded with the jury trial.

{¶ 11} Thus, the jury trial commenced on February 23, 2015, and continued through February 25, 2015. Eventually, the jury found Anderson guilty of five counts of Burglary; four counts of Theft; one count of Grand Theft; one count of Grand Theft of a Motor Vehicle; two counts of Receiving Stolen Property; and one count of Failure to Comply with an Order or Signal of Police Officer. The jury found Anderson not guilty of the other counts in the indictment with the exception of count twenty for which Anderson was not alleged to have committed the crime. Thus, no verdict was returned for count twenty.

{¶ 12} On February 25, 2015, immediately after trial, Anderson was sentenced. Anderson was sentenced to an "aggregate sentence [of] 16 years and 48 months, for a total net sentence of 20 years." Anderson was also ordered to pay the following in restitution: $3,000 to Rick Davis; $1,000 to Tom and Rhonda Yeager; $12,500[2] to Roger Webb and Vicki Bach, subject to an offset on recovered property; and $204 to Harold Collier. Nowhere in the record does Anderson object to the restitution orders.

{¶ 13} On March 17, 2015, the trial court filed the judgment entry that set forth the verdicts of each of the nineteen counts and the respective sentences for each count. It is from this judgment that Anderson filed a timely appeal.

## II. Assignments of Error

{¶ 14} Anderson assigns the following errors for our review:

First Assignment of Error

---

[2] On March 25, 2015, the trial court filed a judgment entry regarding the restitution amount owed to Roger Webb and Vicki Bach. The trial court determined that the amount "owed to the victims Roger Webb and Vicki Bach is $6,250 to be paid by the Defendant."

THE TRIAL COURT ERRED BY BRINGING MR. ANDERSON TO
TRIAL AFTER THE 90 DAY DEADLINE FOR A SPEEDY TRIAL
PURSUANT TO R.C. 2945.71(C) AND (E) HAD PASSED.

Second Assignment of Error

THE TRIAL COURT ABUSED ITS DISCRETION IN ITS
RESTITUTION ORDER.

### III. Law and Analysis

### A. Standard of Review for Speedy Trial Analysis

{¶ 15} With respect to the first assignment of error, " '[u]pon review of a speedy-trial issue, a court is required to count the days of delay chargeable to either side and determine whether the case was tried within applicable time limits.' " *State v. Bailey,* 4th Dist. Ross No. 14CA3461, 2015–Ohio–5483, ¶ 15, quoting *State v. Bailey,* 4th Dist. Scioto No. 09CA3287, 2010-Ohio-2239, ¶ 56. Appellate review of a trial court's decision on a motion to dismiss for a speedy trial violation involves a mixed question of law and fact. *State v. James,* 4th Dist. Ross No. 13CA3393, 2014-Ohio-1702, ¶ 23; *State v. Smith,* 4th Dist. Ross No. 10CA3148, 2011-Ohio-602, ¶ 18. We will defer to a trial court's factual findings if some competent and credible evidence supports them; but we review de novo the court's application of the law to those facts. *See State v. Carr,* 4th Dist. Ross No. 12CA3358, 2013-Ohio-5312, ¶ 12; *State v. Fisher,* 4th Dist. Ross No. 11CA3292, 2012-Ohio-6144, ¶ 8.

### B. Various Events Tolled the Speedy Trial Time

{¶ 16} Anderson argues that the trial court erred by bringing him to trial after the 90 day deadline for a speedy trial pursuant to R.C. 2945.71(C) and (E) had passed. Anderson contends that because his trial occurred after his speedy trial time expired the matter should have been dismissed with prejudice. Although the State concedes that Anderson made a prima facie case of

a violation of his speedy trial rights, the State contends that several events tolled the time in which Anderson had to be brought to trial.

{¶ 17} The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. This guarantee is implemented in R.C. 2945.71, which provides the specific time limits within which a person must be brought to trial. *State v. Blackburn,* 118 Ohio St.3d 163, 2008–Ohio–1823, 887 N.E.2d 319, ¶ 10.

{¶ 18} R.C. 2945.71 provides that a person against whom a felony charge is pending shall be brought to trial within 270 days after arrest. *Id.* at (C)(2). If an accused is in jail in lieu of bail solely on the pending charge, the statute mandates that each day count as three days for purposes of speedy trial calculation. *Id.* at (E). If an accused is not brought to trial within the statutory time limit, the accused must be discharged. R.C. 2945.73(B). However, the R.C. 2945.71 time limits can be extended for any reason set out in R.C. 2945.72, but those extensions must be strictly construed against the State. *See State v. Alexander,* 4th Dist. Scioto No. 08CA3221, 2009-Ohio-1401, ¶ 17; *State v. Monroe,* 4th Dist. Scioto No. 05CA3042, 2007-Ohio-1492, ¶ 27.

{¶ 19} "Upon establishing that more than 270 days has passed before trial, a defendant establishes a prima facie case for dismissal based on a speedy trial violation." *State v. Davis,* 4th Dist. Scioto No. 12CA3506, 2013–Ohio–5311, ¶ 19. Once a defendant presents a prima facie case for dismissal, then the burden shifts to the State to prove that the limitations have not expired, either by showing that the time limit was extended by R.C. 2945.72, or by establishing that the accused is not entitled to the triple count provision in R.C. 2945.71(E). *Id.; Carr,* 2013–Ohio–5312 at ¶ 13; *State v. McGhee,* 4th Dist. Lawrence No. 04CA15, 2005–Ohio–1585, ¶ 39.

{¶ 20} The trial time tolling provisions are set forth in R.C. 2945.72, which provides, in pertinent part, as follows:

The time within which an accused must be brought to trial, or, in the case of

felony, to preliminary hearing and trial, may be extended only by the following:

* * *

(E) Any period of delay necessitated by reason of a plea in bar or abatement,

motion, proceeding, or action made or instituted by the accused;

* * *

(H) The period of any continuance granted on the accused's own motion, and the

period of any reasonable continuance granted other than upon the accused's own

motion[.]

{¶ 21} In this case, approximately 102 actual days[3] or 306 triple count days elapsed between the date of Anderson's arrest on November 13, 2014, and the date of filing of the motion to dismiss, February 23, 2015. Anderson has thus established a prima facie case of a speedy trial violation; and the burden is on the State to show that a violation has not occurred. We are mindful that we must construe extensions of time under R.C. 2945.72 strictly against the State. *State v. Singer*, 50 Ohio St.2d 103, 108-09, 362 N.E.2d 1216 (1977).

{¶ 22} We first note that Anderson's date of arrest was November 13, 2014. The date of arrest does not count against the State in computing the 90 days. *State v. Younker*, 4th Dist. Highland No. 07CA18, 2008-Ohio-6889, ¶ 15, citing *State v. Madden,* 10th Dist. Franklin No. 04AP-1228, 2005-Ohio-4281, ¶ 28; *see also* Crim.R. 45(A). Therefore, we begin our calculations on November 14, 2014.

---

[3] 102 days is computed by adding 17 days in November, 31 days from December, 31 days from January, and 23 days for February until Anderson's motion to dismiss was filed.

{¶ 23} Next, we consider the filing of Anderson's motion for discovery as a tolling event. The Ohio Supreme Court has held that a defendant's motion for discovery tolls the speedy trial statute. *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 25. Anderson states in his appellate brief that he submitted his motion for discovery on January 12, 2015; but, according to the State's Information to the Court filed on February 25, 2015, Anderson submitted his Request for Discovery electronically on January 9, 2015. The State then purportedly responded electronically on January 14, 2015, according to the State's certificate of service; however, the State alleges that it responded to the discovery request on January 16, 2015, which is the date the response was filed in the Clerk of Court's office.

{¶ 24} The discrepancy in the dates is immaterial as Anderson also filed a Motion to Preserve Evidence on January 12, 2015. The trial court ruled on Anderson's Motion to Preserve Evidence on January 23, 2015. R.C. 2945.72(E) provides that "[a]ny period of delay necessitated by reason of a * * * motion* * * made or instituted by the accused" may toll time for speedy trial purposes. The Ohio Supreme Court also states:

> We do not agree that the state has an affirmative duty to show that a motion
>
> diverted the prosecutor's attention or caused a delay in the proceedings before
>
> speedy-trial time is tolled. It is the filing of the motion itself, the timing of which
>
> the defense can control, that provides the state with an extension. R.C. 2945.72(E)
>
> implicitly recognizes that when a motion is filed by a defendant, there is a "period
>
> of delay necessitated"—at the very least, for a reasonable time until the motion is
>
> responded to and ruled upon.

*Sanchez* at ¶ 26. *Accord United States v. Rush*, 738 F.2d 497, 502 (1st Cir.1984) (filing of a motion to preserve evidence and the ruling thereon is a period of delay which shall be excluded

in computing the time within which the trial must commence). Thus, the time from January 10, 2015 through January 23, 2015 is tolled for speedy trial purposes.

{¶ 25} Once the motion to preserve evidence was ruled upon by the trial court, the time continued to elapse. Starting on January 24, 2015, we look to the next event— the jury trial that was scheduled for February 9, 2015— to examine whether the speedy trial time should toll. Again, we are mindful that we must construe extensions of time under R.C. 2945.72 strictly against the State. *Singer*, 50 Ohio St.2d at 108-09, 362 N.E.2d 1216. The trial court stated the following:

> THE COURT: But you understand that my ability to seat a jury today with 12
>
> people and no alternate if your calculations are wrong on time then that's a
>
> problem. The bottom line is I'm able to seat a jury, but I don't have any alternate
>
> today, are you willing to take that risk?

The trial court recognized that the continuance of the trial could be a problem. We believe that the time period from January 24, 2015 through the next scheduled jury trial of February 17, 2015 should not be excluded in computing the time within which the trial must commence. Consequently, the days from January 24, 2015 through February 17, 2015 counted towards the time in which Anderson needed to be tried.

{¶ 26} Anderson's case came before a jury again on February 17, 2015. This time, the trial court simply did not have enough jurors to comprise a panel of twelve jurors. Both the State and Anderson's attorney agreed that they had made every effort to seat a jury; but they were unable to seat twelve jurors. The trial court was forced to declare a mistrial. The Judgment Entry declared that "[t]he speedy trial time, pursuant to R.C. §2945.71, is hereby tolled pursuant to R.C. §2945.72(H)." R.C. 2945.72(H) provides that "[t]he time within which an accused must be

brought to trial * * * may be extended only by * * * [t]he period of any reasonable continuance granted other than upon the accused's own motion[.]" We find that this continuance was reasonable, especially in light of the parties' agreement that they had made every effort to seat a jury, but were unable to do so. Accordingly, the time period of six days from February 18, 2015 through February 23, 2015 was tolled.

{¶ 27} In total, Anderson was incarcerated for 102 days prior to the filing of the motion to dismiss on speedy trial grounds. Eighty-two of the 102 days elapsed towards the time counted against the State for speedy trial purposes. Twenty days of the 102 days were tolled. As a result, we find that the State has met its burden to show that a violation has not occurred. We find that the following table applies to Anderson's case:

| EVENTS & TIMES FRAMES | TIME ELAPSED | TIME TOLLED | TOTAL DAYS IN JAIL |
|---|---|---|---|
| Date of arrest 11/14/14 through Anderson's Request for Discovery received by State on 01/09/15 | 57 days | 0 days | 57 days |
| 01/10/15 | | | |
| Anderson's Motion to Preserve Evidence filed on 01/12/15 | | | |
| State's Answer to Request for Discovery served on Anderson electronically on 01/14/15 but filed in Clerk of Courts on 01/16/15 | | | |
| Trial court ruled on Anderson's Motion to Preserve Evidence on 01/23/15 | | | |

| | | | |
|---|---|---|---|
| 01/23/15 | 0 days | **14 days** | 14 days |
| 01/24/15 through 1st jury trial resulting in mistrial on 02/09/15 and then through 2nd jury trial resulting in mistrial on 02/17/15 | 25 days | 0 days | 25 days |
| 02/18/2015 through 02/23/2015 (Anderson's filing of motion to dismiss and 3rd jury trial that actually proceeded through completion) | 0 days | **6 days** | 6 days |
| Totals: | 82 days | 20 days | 102 days |

{¶ 28} Based on the foregoing, Anderson's first assignment of error is overruled.

### C. Standard of Review for Restitution Order

{¶ 29} Regarding Anderson's second assignment of error, we note that this court has previously used an abuse of discretion standard when reviewing restitution orders. *State v. Newman*, 2015-Ohio-4283, 45 N.E.3d 624, ¶ 42 (4th Dist.); *State v. Durham*, 4th Dist. Meigs No. 13CA2 and 13CA3, 2014-Ohio-4915 ¶ 16; *State v. Stump,* 4th Dist. Athens No. 13CA10, 2014-Ohio-1487, ¶ 11; *State v. Dennis,* 4th Dist. Highland No. 13CA6, 2013-Ohio-5633, ¶ 7.

{¶ 30} However, in March 2016, the Ohio Supreme Court set forth the standard of review that appellate courts must apply when reviewing felony sentences in *State v. Marcum*, ___ _____Ohio St.3d _____, 2016-Ohio-1002, _____N.E.3d _____.

Applying the plain language of R.C. 2953.08(G)(2), we hold that an appellate

court may vacate or modify a felony sentence on appeal only if it determines by

clear and convincing evidence that the record does not support the trial court's

findings under relevant statutes or that the sentence is otherwise contrary to law.

In other words, an appellate court need not apply the test set out by the plurality in

*State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

*Id.* at ¶ 1.

{¶ 31} In turn, our sister appellate court in the Twelfth District has recently stated the following:

As this court recently stated, instead of applying an abuse of discretion standard,

"the proper standard of review for analyzing the imposition of restitution as a part

of a felony sentence is whether the sentence complies with R.C.

2953.08(G)(2)(b)." *State v. Collins*, 12th Dist. Warren No. CA2014-11-135,

2015-Ohio-3710, ¶ 31. Pursuant to R.C. 2953.08(G)(2)(b), this court may

increase, reduce, or otherwise modify a sentence that is appealed, or vacate the

sentence and remand the matter for resentencing, if we clearly and convincingly

find the sentence is contrary to law. The term "sentence" as utilized in R.C.

2953.08(G)(2)(b) encompasses an order of restitution. *Collins*, at ¶ 31, fn.1. This

is an "extremely deferential" standard of review for the restriction is on the

appellate court, not the trial judge. *State v. Durham*, 12th Dist. Warren No.

CA2013-03-023, 2013-Ohio-4764, ¶ 43.

*State v. Geldrich*, 12th Dist. Warren No. CA2015-11-103, 2016-Ohio-3400, ¶ 6.

{¶ 32} Similarly, the Sixth District appellate court has also addressed this issue setting

forth that "[o]ur standard of review on this issue is whether the imposition of costs and financial

sanctions was contrary to law. R.C. 2953.08(A)(4) and (G)(2)(b)." *State v. Farless*, 6th Dist.

Lucas Nos. L-15-1060 and L-15-1061, 2016-Ohio-1571, ¶ 4; *contra State v. Nitsche*, 8th Dist.

Cuyahoga No. 103174, 2016-Ohio-3170, ¶ 73 (continuing to use an abuse of discretion standard to review a restitution order).

{¶ 33} Therefore, in light of the recent Supreme Court and other appellate court decisions, when reviewing restitution orders, we will apply the extremely deferential standard used by the Twelfth and Sixth Districts. Prior to increasing, reducing, or otherwise modifying a sentence that is appealed, or vacating the sentence and remanding the matter for resentencing, we will seek to determine whether the trial court's restitution order is clearly and convincingly contrary to law.

{¶ 34} In this particular case, Anderson contends that the trial court erred by ordering restitution without first determining his present or future ability to pay. We note, however, that Anderson did not object to the trial court's restitution order at sentencing. Specifically, he did not object on the grounds that the court failed to inquire whether he had a present or future ability to pay the restitution. Because Anderson did not raise these arguments at sentencing when the trial court could have corrected any error, he has forfeited the right to raise these arguments on appeal. *Newman*, 2015-Ohio-4283, 45 N.E.3d 624 at ¶ 40, citing *State v. Mendez,* 7th Dist. Mahoning No. 13MA86, 2014-Ohio-2601, ¶ 11, in turn quoting *State v. Potts,* 7th Dist. Harrison No. 07HA4, 2008-Ohio-643, ¶ 7 ("[A]n offender who does not raise his ability to pay a financial sanction at the time the sanction is imposed waives any argument concerning his ability to pay on direct appeal."). We may, however, review Anderson's second assignment of error for plain error. *Id.*, citing *State v. Leslie,* 4th Dist. Hocking Nos. 10CA17 and 10CA18, 2011-Ohio-2727, ¶ 27 (applying plain error doctrine when defendant failed to object to trial court's restitution order).

{¶ 35} Hence, we will review Anderson's argument on appeal under the plain-error

standard of review. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B).

{¶ 36} For a reviewing court to find plain error, there must be (1) an error, i.e, a deviation from a legal rule, (2) the error must be plain, and (3) the error must have affected substantial rights, i.e., it must have affected the outcome of the proceeding. *See State v. Osie,* 140 Ohio St.3d 131, 2014–Ohio–2966, 16 N.E.3d 588, ¶ 81, citing *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Notice of plain error is taken " 'with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice .' " *State v. Mammone,* 139 Ohio St.3d 467, 2014–Ohio–1942, 13 N.E.3d 1051, ¶ 69, quoting *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

### D. The Trial Court's Restitution Order Did Not Rise to the Level of Plain Error

{¶ 37} The State concedes that "there was no questioning by the trial court at sentencing regarding [Anderson's] ability to pay." However, this is not determinative of Anderson's assignment of error. Although, R.C. 2929.19(B)(5) mandates that a trial court "shall consider the offender's present and future ability to pay the amount of the sanction or fine," before imposing a restitution order, it does not set forth "express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record." *State v. Martin*, 140 Ohio App.3d 326, 338, 747 N.E.2d 318 (4th Dist.2000). In other words, a trial court need not expressly state on the record that it considered an offender's ability to pay; and the absence of an explicit statement does not necessarily require a reversal of a court's restitution order. *State v. Rickett*, 4th Dist. Adams No. 07CA846, 2008-Ohio-1637, ¶ 6. Instead, when the trial court fails to make an explicit finding regarding an offender's ability to pay, a reviewing court may consider the entire record to ascertain whether this finding may be inferred. *Id.*

{¶ 38} In *Newman*, 2015-Ohio-4283, 45 N.E.3d 624 at ¶¶ 39-45, 50-54, we refused to find plain error with the sentencing court's order of restitution when the appellant failed to argue that he had an inability to pay. We stated as follows:

> Appellant testified, and the court had the opportunity to view his demeanor and to evaluate whether he would be capable of seeking gainful employment. Appellant was forty-one years old at the time of the sentencing hearing and graduated from high school. He had prior employment and maintained an active lifestyle. Nothing in the record suggests that appellant suffers from any physical or mental disability or will otherwise be unemployable after his release from prison. Moreover, the trial court sentenced appellant to four years in prison. Thus, his sentence is not so long as to preclude him from seeking employment following his release from prison. Consequently, we believe that the record contains adequate, pertinent information regarding appellant's financial situation to indicate that the court sufficiently considered appellant's present and future ability to pay.

*Id*. at ¶ 50.

{¶ 39} The case sub judice is similar to *Newman,* in that the trial court was able to hear the evidence at trial. Although Anderson did not testify, the trial court was still able to observe Anderson firsthand and assess his demeanor. The trial court also had the benefit of seeing and hearing testimony about Anderson from witnesses. Thus, we believe that the record contains adequate and pertinent information pertaining to Anderson's financial situation to indicate that the trial court sufficiently considered his present and future ability to pay. Certainly this is not a

case that presents exceptional circumstances; and we refuse to find that a miscarriage of justice occurred here rising to the level of plain error.

{¶ 40} Accordingly, we overrule Anderson's second assignment of error.

## IV. CONCLUSION

{¶ 41} Having overruled both of Anderson's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds that reasonable grounds exist for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.: Concur in Judgment and Opinion.
McFarland, J.: Concur in Judgment Only.

For the Court

By:_____
                Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.